IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**THANG CUNG, Individually and on**                        **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.                       No. 5:19-cv-637

**H.E.B., INC.; H-E-B, LP; TOKYO GARDENS**          **DEFENDANTS**
**CATERING, L.L.C.; and THANG MAWI**

## <u>ORIGINAL COMPLAINT—COLLECTIVE ACTION</u>

COMES NOW Plaintiff Thang Cung, individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants H.E.B., Inc.; H-E-B, LP; Tokyo Gardens Catering, L.L.C.; and Thang Mawi ("Defendants"), and in support thereof does hereby state sand allege as follows:

### I.      PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Thang Cung ("Plaintiff") on behalf of himself and other sushi preparer employees of Defendants at any time within a three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other hourly employees minimum wage and overtime compensation for all hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.      Plaintiff Thang Cung is a resident and citizen of Bexar County.

8.      Plaintiff was employed by Defendants within the three (3) years preceding the filing of this Original Complaint

9.      Defendant H.E.B., Inc. ("H.E.B., Inc.") is a domestic for-profit corporation, licensed to do business in the State of Texas.

10.      H.E.B., Inc.'s registered agent for service of process is Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204.

11.      Defendant H-E-B, LP ("H-E-B, LP") is a domestic limited partnership, licensed to do business in the State of Texas.

12.     H-E-B, LP's registered agent for service of process is Abel Martinez, 646 South Flores Street, San Antonio, Texas 78204.

13.     Defendant Tokyo Gardens Catering, L.L.C.  ("TGC") is a domestic limited liability company, licensed to do business in the State of Texas.

14.     TGC's   principal   office   address   is   4122   Campbell   Road Houston, Texas 77080.

15.     TGC's registered agent for service of process is Your Texas Office, 6700 Sands Point Drive, Houston, Texas 77074.

16.     Defendant Thang Mawi ("Mawi") is an individual and resident of Bexar County.

17.     Defendants are an "employer" within the meaning set forth in the FLSA, and, at all times relevant to the allegations in this Complaint, the employer of Plaintiff and other similarly situated hourly employees.

18.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools and equipment.

19.     Defendant had an annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

20.     Defendants' workers routinely use produce, meat, and kitchen tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## IV.  FACTUAL ALLEGATIONS

21.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22.     H.E.B., Inc. and/or H-E-B, LP own(s) and/or operate(s) more than 340 grocery stores across the state of Texas and Mexico, and engage TGC to prepare sushi under HEB's registered Sushiya brand and in HEB's grocery stores.

23.     Mawi is an employee or agent of TGC and has the authority to hire and fire employees for the sushi counter on behalf of TGC, H.E.B., Inc., and H-E-B, LP.

24.     Plaintiff was employed by Defendants as a sushi preparer from March 3, 2019, until May 31, 2019, at the HEB Plus! store location at 420 West Bandera Road, Boerne, Texas.

25.     Mawi hired Plaintiff and served as his supervisor while Plaintiff worked at the HEB Plus! store preparing sushi.

26.     Plaintiff's normal duties included preparing and packaging sushi on-site at HEB for sale in the HEB store.

27.     Plaintiff and other similarly situated employees routinely performed work that was integral to the daily operations of HEB's grocery stores.

28.     Plaintiff worked six (6) days a week for ten (10) hours per shift as a sushi preparer for Defendants.  Other sushi preparers worked similar hours.

29.     Despite working thirteen (13) weeks at sixty (60) hours per week for Defendants, Plaintiff's total pay was only $2,500.00, which is much less than the required federal minimum wage of $7.25 per hour.

30.     Plaintiff was classified as a non-exempt hourly employee for the entire duration of his employment with Defendants.

31.     Plaintiff was required to work more than forty (40) hours a week; however, Defendants did not compensate Plaintiff for all time worked up to forty (40) hours nor for time worked over forty (40) hours a week.

32.     Plaintiff and other similarly situated employees regularly worked sixty (60) hours per week throughout their tenure with Defendants.

33.     Plaintiff and other sushi employees did not receive an overtime premium of one and one-half (1.5) times the minimum wage for their hours worked during weeks in which they worked more than forty (40) hours for Defendants.

34.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

35.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and the other similarly situated employees violated the FLSA.

36.     As a matter of economic reality, the Plaintiff and those similarly situated were jointly employed by Defendants. Facts demonstrating that Defendants were employers include, among others:

A.     The work performed by Plaintiff and those similarly situated for Defendants was unskilled routine labor that did not require specialized training, equipment, expertise, or business judgment.

B.     The work performed by Plaintiff and those similarly situated for Defendants was a necessary, routine, and integral part of the daily business of the HEB grocery stores where they worked.

C.     The work was performed by Plaintiff and those similarly situated daily on the premises of HEB's grocery stores on a relatively permanent basis for an ongoing and indefinite period of time.

D.     Defendants had effective shared authority over Plaintiff and those similarly situated, including hiring and firing decisions, supervision, control, pay records, work terms, and work schedules.

E.     Plaintiff and those similarly situated were jointly dependent on Defendants for the materials and equipment used for his work and for his terms and conditions of employment.

F.     Defendants acted directly or indirectly in the interest of other Defendants in relation to the Plaintiff and those similarly situated, and Defendants were not completely disassociated from one another with respect to the employment of Plaintiff and those similarly situated.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

37.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38.     At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided by the FLSA.

39.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40.     At all relevant times, Plaintiff and those similarly situated have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

41.     At all relevant times, Defendants were the "employer" of Plaintiff and those similarly situated within the meaning of the FLSA, 29. U.S.C. § 203(d).

42.     At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of a proper minimum wage for all hours up to forty (40) and overtime premiums for all of the hours in excess of forty (40) hours in a week.

43.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as sushi preparers and similarly situated employees who were or are employed by Defendants and who are entitled to payment for all minimum and overtime wages earned which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

44.     The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45.     In conformity with the requirements of FLSA Section 16(b), Plaintiff will file a written Consent to Join this lawsuit.

46.     The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the proposed FLSA Collective members.

47.     Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds fifty (50) persons. Defendants can readily identify the

members of the class, who are a certain portion of the current and former employees of Defendants.

48.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

49.     The cell phone numbers and email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via text message and/or email to their last known cell phone number and/or email address as soon as possible.

50.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A.      They worked in the sushi sections of HEB stores;

B.      They were subject to Defendants' common policy of failing to pay the federal minimum wage for all hours worked up to forty (40) per week and an overtime premium for all hours worked over forty (40) per work week.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

51.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

53.     29 U.S.C. § 206 requires employers to pay employees a minimum wage for all hours that the employee works up to forty (40) per week. 29 U.S.C.S. § 206.

54.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

55.     Defendants failed to pay Plaintiff a minimum wage for all hours he worked up to forty (40) in one week and an overtime premium at a rate of one and one-half times the regular rate for all hours worked over forty (40) hours per week.

56.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

57.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

58.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

59.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

60.     Plaintiff asserts this claim on behalf of all sushi preparers and those similarly situated who were or are employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative class for unpaid minimum wage for all hours they worked up to forty (40) per week and overtime compensation for all the hours they worked in excess of forty (40) per week.

61.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

62.     Like Plaintiff, these collective member employees regularly worked more than 40 hours in a week.

63.     29 U.S.C. § 206 requires employers to pay employees a minimum wage for all hours that the employee works up to forty (40) per week. 29 U.S.C.S. § 206.

64.     Defendant failed to pay Plaintiffs and those similarly situated for overtime for each and every hour over 40 hours these employees worked in a week.

65.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

66.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class is properly defined as follows:

**All sushi preparers and similarly situated employees
of Defendants within the last three years.**

67.     Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary, and in bad faith.

68.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendants be summoned to appear and to answer herein as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That each Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C.     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid minimum wage abd overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

F.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff and members of the Collective during the applicable statutory period;

G.     An order directing Defendants to pay Plaintiff and members of the Collective prejudgment interest, reasonable attorney's fees and all costs; and

H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**THANG CUNG, Individually and on
behalf of Others Similarly Situated,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com